UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEDONIA FRENCH, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., <br><br> Defendants. | Case No. 2:14-cv-00989-APG-PAL <br><br> **ORDER REMANDING CASE TO STATE COURT** |

I. **BACKGROUND**

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") removed this case to federal court on June 19, 2014. The removing party has the burden of proving that removal is proper, and that this court may properly assert jurisdiction over the parties and dispute. Because State Farm's Petition for Removal did not provide sufficient facts to justify jurisdiction, I ordered State Farm to show cause why this action should not be remanded to the state court. (Dkt. #8.)

In its Brief in response to my Order, State Farm alleges that "[a]s a result of the collision, Ms. French claims to have incurred medical expenses of $12,964.24." (Dkt. #10 at 1:27-2:1.) However, it also appears that Plaintiff recovered $15,000 from the tortfeasor's insurer, and $5,000 from State Farm's medical payment coverage. (Dkt. #1-1 at p. 46.) Those amounts would have to be deducted from any amount State Farm may be required to pay under its underinsured motorist ("UIM") policy.[1] State Farm's UIM policy limit at issue in this case is $25,000. (Dkt. #10 at 2:12.)

State Farm contends that Plaintiff will more likely than not seek the full policy limits of $25,000, plus punitive damages, attorney's fees, costs and interest. Yet State Farm does not

---

[1] It is unclear from the documents whether the $5,000 medical payment was part of the insurance policy that is the subject of this lawsuit or a separate benefit. *Compare* Dkt. #1-1 at p. 46 *with* Dkt. #10 at 2:6-7. Regardless, the outcome of this remand is the same.

adequately justify how those requested amounts will exceed this court's jurisdictional threshold amount. Nor does State Farm address whether and how much of any potential judgment against it would be offset by the amount recovered from the tortfeasor's insurer.

## II. ANALYSIS

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F.Supp.2d 949, 952 (D. Nev. 2004). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Courts "strictly construe the removal statute against removal jurisdiction." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Remand is proper if the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir. 2006) ("remand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure").

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). *See also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006) (the removing party bears the burden of establishing that the jurisdictional amount is satisfied at the time of removal based on competent facts outside the face of the pleadings). Broad allegations that the jurisdictional amount is met, "'although attempting to recite some 'magical incantation,' neither overcome[ ] the 'strong presumption' against removal jurisdiction, nor satisf[y][the defendant]'s

burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" $75,000. 443 F.3d at 689 (quoting *Gaus*, 980 F.2d at 567); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("[R]emoval cannot be based simply upon conclusory allegations where the ad damnum is silent.") (internal quotations and citation omitted).

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-CV-00438-RCJ, 2013 WL 757621 (D. Nev. Feb. 27, 2013) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007)). The Eleventh Circuit Court of Appeals has held that in making such analyses, district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010). This approach is consistent with the Supreme Court's holding in *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) that "[d]etermining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense." 613 F.3d at 1062, ftnt. 5.

Here, there is considerable doubt as to State Farm's right to remove this case because it appears highly unlikely that Plaintiff can satisfy this court's jurisdictional threshold. First, recovery of contractual damages against State Farm is capped by the $25,000 limitation on liability in the UIM policy. Second, Plaintiff's recovery against State Farm would be reduced by the amount she recovered from the tortfeasor's insurer (and, possibly, the $5,000 from State Farm's medical payment coverage). (Dkt. #1-1 at p. 46.) Thus, Plaintiff would have to recover punitive damages and attorneys' fees in order to exceed the jurisdictional threshold. Given the facts alleged in the Complaint and attached exhibits, it seems highly implausible that Plaintiff can prove facts sufficient to justify punitive damages under Nevada law. Moreover, Nevada law

generally disfavors awards of attorneys' fees absent a contractual provision or bad faith conduct. Based on my judicial, legal and practical experience and common sense, I find that the Plaintiff's complaint does not meet federal jurisdictional requirements. *Roe*, 613 F.3d at 1061-1062; *Iqbal*, 556 U.S. at 679.

### III.  CONCLUSION

IT IS THEREFORE ORDERED the case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

Dated: July 24, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE